IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. A-25-CR-00393-RP |
| | ) | |
| THOMAS AUSTRIA CROUSE | ) | |
| | ) | |

**GOVERNMENT'S NOTICE OF APPEAL AND MOTION TO STAY
MAGISTRATE JUDGE'S ORDER SETTING CONDITIONS OF RELEASE**

Now comes the United States of America, by and through the United States Attorney for the Western District of Texas, and herein respectfully appeals the Magistrate Court's Order Setting Conditions of Release for defendant, issued on September 2, 2025.

**STATEMENT OF FACTS**

On or about June 9, 2025, the Defendant threatened Department of Homeland Security posted on X stating "imma going to kill you stupid stank bitch you're gonna die by my hand I'm going to murder you and your whole fucking family." United States Secret Service (USSS) confronted the Defendant over this threat. The Defendant admitted he made this threat. USSS informed the Defendant it was a federal crime to make such threats. At that time, no charges were brought against the Defendant.

Despite the USSS warning, on or about July 3, 2025, the Defendant left the following voicemail threat to a U.S. Senator of North Dakota stating amongst other comments: "Put a fucking gun in your mouth and kill yourself, you stupid bitch, or I'll fucking find you and I'll fucking kill you myself." On or about July 18, 2025, the Defendant left the following voicemail threat to a U.S. Senator of North Carolina stating: "If you don't kill yourself, I'll find you and I'll fucking kill

you stupid bitch." On or about August 11, 2025, the Defendant left the following message at the office of a Texas U.S. Senator: "I'll call every fucking day you're a public servant. There is no such thing as harassment. I'll call every fucking day and encourage you not see fucks to kill yourselves until [the Senator] or one of his staff commits suicide. I will not rest. I'll call you every fucking day telling you to kill yourself."

On September 2, 2025, the Defendant was charged by the grand jury sitting in Austin for threatening a White House staffer in a two-count indictment with 18 U.S.C. §875(c), making interstate threatening communications. Count One charges: On or about August 25, 2025, the Defendant, did knowingly transmit in interstate commerce from the Western District of Texas to the District of the District of Columbia, a communication containing a threat to injure, that is "Hey, if this is fucking [stated Victim 1's name (V1)] whatever man, the piece of fucking shit that's [references V1's role on the President of the United States' staff]. If this is you, I'm going to find you, and I'm going to cut your fucking head off, bitch. I'm going to kill you, and then I'm going to kill your fucking family, bitch." for the purpose of issuing a threat, with knowledge that the communication will be viewed as a threat, and recklessly disregarding a substantial risk that his communication would be understood as a threat.  After the Victim received this threat, FBI-Washington was notified. FBI-Austin conducted a voluntary interview at the Defendant's home; the Defendant admitted to making the above threats and confirmed this by showing the agent his call log with the victim's phone number.

Count Two charges: on or about August 26, 2025, the Defendant, did knowingly transmit in interstate commerce from the Western District of Texas to the District of the District of Columbia, a communication containing a threat to injure, that is "Dude, telling the fucking FBI, you's a bitch. Let me catch you in public; I'll knock you the fuck out, bitch."  for the purpose of

issuing a threat, with knowledge that the communication will be viewed as a threat, and recklessly disregarding a substantial risk that his communication would be understood as a threat. After being arrested by complaint and given his Miranda warnings, the Defendant signed a written waiver of rights and agreed to talk to the arresting agents. The Defendant admitted to making these threats also.

The United States moved to detain Defendant as there are no condition or combination of conditions that will reasonably assure the appearance of the defendant and the safety of the community. At the conclusion of the detention hearing, the Magistrate Judge ruled that Defendant should be released on conditions which were set forth at the hearing.

## JURISDICTION

The United States appeals the decision to set conditions of release pursuant to 18 U.S.C. § 3145(a).

## REQUEST FOR STAY

The United States initially requests that this Court enter an Order staying the Pretrial Release Order of the United States Magistrate Judge until this appeal is adjudicated.

## STANDARD OF REVIEW AND AUTHORITIES

When the district court acts on a motion to revoke a magistrate's pre-trial release order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). The government must prove risk of flight by a preponderance of the evidence and risk of danger to the community by clear and convincing evidence. *Id.* at 250; 18 U.S.C. § 3142(f). However, in this case, as the Defendant is charged with a "crime of violence," it is presumed that no conditions can be set to assure the safety of the community. 18 U.S.C. §314(f)(1)(A). Title 18, United States

Code, Section 3156 defines a "crime of violence" as "an offense that has as an element of the offense the use, attempted use, or **threatened use of physical force against the person** or property of another." (Emphasis added.) "For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of <u>either</u> the defendant's appearance, <u>or</u> the safety of others or the community is sufficient; both are <u>not</u> required." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992) (emphasis added).

Section 3142(g) provides four factors the judicial officer shall consider in determining whether there are conditions of release that will reasonably assure the appearance of the person and the safety of any person and the community. The four factors are:

(1) the nature and circumstances of the offense charged;
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*See* 18 U.S.C § 3142(g). The "history and characteristics" factor includes, but is not limited to, the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. *Id*.

## DETENTION IS JUSTIFIED

Here, despite warnings from federal law enforcement the Defendant has shown he has no respect for the law and continues to terrorize public employees, both elected officials and their staff, and to terrorize their families. Further, he sought to retaliate against Victim 1 for reporting the Defendant's crime to the FBI. There is no condition, nor combination of conditions, that will ensure both Defendant's appearance at all future court appearances and the safety of the community. Therefore, it is imperative that the Defendant be detained prior to trial.

## FACTOR ANALYSIS

The evidence in the record shows that there are no conditions of release that will reasonably assure the appearance of the defendant or the safety of the community. The § 3142(g) factors pertaining to the weight of evidence against the Defendant and the history and characteristics of the Defendant support a finding, by clear and convincing evidence, that the Defendant's appearance cannot reasonably be assured and/or the community will not be safe if he is not detained.

**A.  The Nature and Circumstances of the Offense Charged Weigh in Favor of Detention.**

Here, the maximum statutory prison sentence and the estimated guideline range demonstrate a motivation for the Defendant to flee prosecution.

First, the Defendant is charged with two felony offense [18 U.S.C. § 875(c)], for which the statutory maximum prison sentence is five years each.

Second, the undersigned estimates that the Defendant's guideline range for this offense is 37 to 46 months [based on a Total Offense Level of 21 and a Criminal History Category of I, *see* USSG 2A6.1(a)(1), 3A1.2(a), 3A1.2(b)]. The potential guideline range of 37 to 46 months, creates a serious incentive for the defendant to flee prosecution if released. *United States v. Zhang Xiao Dong*, No. 3:17-CR-546-L, 2017 WL 5629513, at *3 (N.D. Tex. Nov. 22, 2017) (concluding that possible prison sentence of 46 to 57 months presented motive to flee). Because the Defendant threatened multiple victims, there are grounds for this Court to upwardly depart from the advisory guidelines. USSG 2A6.1, Commentary Note 4(B). Thus, this factor weighs in favor of Defendant's continued detention.

**B. The Weight of the Evidence Weighs in Favor of Detention.**

Here, the FBI through the use of emergency disclosures traced the indicted threats to the Defendant. The Defendant admitted to the FBI that he made the indicted threats. The second indicted threat followed the FBI interview and was in direct retaliation to the victim reporting the threat to law enforcement. The threats are true threats: A "threat" is a serious statement expressing an intent to injure any person, which under the circumstances would cause apprehension in a reasonable person, as distinguished from mere idle or careless talk, exaggeration, or something said in a joking manner.[1]  The evidence clearly proves the Defendant made these threats for the purpose of issuing a threat, with knowledge the communication will be viewed as a threat, and/or recklessly disregarding a substantial risk that his/her communication would be understood as a threat.[2] The threats traveled from Austin to Washington, DC. *See also United States v. Turner*, No. 5:21-CR-494-OLG, 2022 WL 1192466, at *4 (W.D. Tex. Apr. 21, 2022) ("The Bail Reform Act expressly provides that '[t]he rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information' at a detention hearing. 18 U.S.C. § 3142(f). A judicial officer may, therefore, "rely on matters brought out at the hearing which would not be considered as 'evidence' under traditional trial standards.").

Based on the foregoing, the weight of the evidence weighs in favor of detaining the Defendant.

---

[1] *Virginia v. Black,* 538 U.S. 343, 359 (2003); *Watts v. United States,* 394 U.S. 705, 708 (1969).
[2] *Counterman v. Colorado*, 600 U.S. 66, 69 ("would"), 73, 79 ("could"), 82 (2023);  *Elonis v. United* States, 575 U.S. 723, 737, 740 (2015);  *United States v. Knight*, 2024 WL 909586, *1-*2 (5th Cir. Mar.4, 2024).

**C. The Safety of the Community Weighs in Favor of Detention.**

The nature and seriousness of the danger the Defendant poses to the community weighs heavily in favor of detention. Despite being warned two months prior by USSS that he was committing a federal crime by his threats, the Defendant persisted sowing fear in numerous public officials by making vile threats to them and, at times, their families, merely because the Defendant has a differing political perspective. The Defendant then compounded his crime further by making a retaliatory threat against the victim after being visited by the FBI. This pattern of conduct demonstrates the seriousness of the danger to the community should the Defendant be released. Thus, the Defendant should be detained.

### PRAYER

Collectively, the above-referenced factors weigh heavily in favor of pretrial detention. There is no condition, nor combination of conditions, that will ensure Defendant's appearance at all future court appearances. Likewise, there is no condition, nor combination of conditions, that will ensure the community's safety if Defendant is released prior to trial. In order to ensure the Defendant's presence at trial and to ensure the public's safety, it is imperative that Defendant be detained prior to those proceedings. Based on the foregoing, the Government requests *de novo* review of the Magistrate Judge's decision to release Defendant on conditions.

WHEREFORE, PREMISES CONSIDERED, the Government hereby requests that the Magistrate Judge's Order Setting Conditions of Release be stayed pending an appeal and review of said order by the United States District Court pursuant to 18 U.S.C. § 3145 and further that said order be revoked.

    Respectfully submitted,

    JUSTIN R, SIMMONS
    UNITED STATES ATTORNEY

    /s/Mark T. Roomberg
    MARK T. ROOMBERG
    Assistant United States Attorney
    601 NW Loop 410, Suite 600
    San Antonio, Texas 78216
    Ph:    (210) 384-7179
    Fax:   (210) 384-7028
    Email: mark.roomberg@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on September 2, 2025, a copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

    Charly Herring
    Federal Public Defenders Office
    *Attorney for Defendant*

    By:    /s/
           Mark T. Roomberg
           Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | No. A-25-CR-00393-RP |
| ) | |
| **THOMAS AUSTRIA CROUSE** ) | |
| ) | |

## O R D E R

Came on to be considered the Government's Notice of Appeal and Motion to Stay Magistrate Judge's Order Setting Conditions of Release, and the Court having considered said notice and motion of the United States, hereby

ORDERS that the Government's motion to stay be GRANTED and that the Defendant be DETAINED in the custody of the United States Marshal pending further order of the Court.

Signed on the _____ day of _____, 2025.

_____
**ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**